

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

Jason Goldberg
Samantha C. Fasanello
Assistant United States Attorneys

970 Broad Street, Suite 700
Newark, New Jersey 07102

Direct Dial: (973) 645-2704
jason.goldberg@usdoj.gov

June 29, 2025

Alyssa A. Cimino, Esq.
Cimino Law, LLC
376 Hollywood Avenue
Fairfield, New Jersey 07004

25-625

RECEIVED OCT 15 2025 AT 8:30 CLERK, U.S. DISTRICT COURT - DNJ

Re:   <u>Plea Agreement with Tishawn Scovil</u>

Dear Counsel:

This letter sets forth the plea agreement between your client, Tishawn Scovil ("T. SCOVIL"), and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on **July 10, 2025**, if it is not accepted in writing by that date. If T. SCOVIL does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

<u>Charges</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from T. SCOVIL to an Information charging T. SCOVIL with knowingly and intentionally conspiring with others to distribute and possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, a quantity of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, and a quantity of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance, contrary to Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), in violation of Title 21, United States Code, Section 846.

If T. SCOVIL enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against T. SCOVIL for distributing or possessing with intent to distribute controlled substances, or conspiring to do the same, from in or around June 2022 through in or around June 2024.

TS 7/9/2025

However, the parties agree that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 et seq.

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against T. SCOVIL even if the applicable statute of limitations period for those charges expires after T. SCOVIL signs this agreement, and T. SCOVIL agrees not to assert that any such charges are time-barred.

Sentencing

The violation of 21 U.S.C. § 846 to which T. SCOVIL agrees to plead guilty carries a statutory a maximum sentence of 20 years' imprisonment, and a statutory maximum fine equal to the greater of: (1) $1,000,000 or (2) twice the gross profits or other proceeds to T. SCOVIL. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon T. SCOVIL is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence T. SCOVIL ultimately will receive.

Further, in addition to imposing any other penalty on T. SCOVIL, the sentencing judge as part of the sentence:

(1)  will order T. SCOVIL to pay an assessment of $100, pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2)  must order forfeiture pursuant to 21 U.S.C. § 853;

(3)  may deny T. SCOVIL certain statutorily defined benefits, pursuant to 21 U.S.C. §§ 862 and 862a; and

(4)  pursuant to 21 U.S.C. § 841, must require T. SCOVIL to serve a term of supervised release of at least 3 years, which will begin at the

TS 7/9/2025

expiration of any term of imprisonment imposed and a maximum of lifetime supervision which will begin at the expiration of any term of imprisonment imposed. Should T. SCOVIL be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, T. SCOVIL may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Forfeiture

As part of T. SCOVIL's acceptance of responsibility and pursuant to 21 U.S.C. § 853, T. SCOVIL agrees to forfeit to the United States any and all property constituting or derived from any proceeds T. SCOVIL obtained, directly or indirectly, as the result of the violation charged in the Information, and all of T. SCOVIL's right, title, and interest in any property that was used or intended to be used, in any manner or part, to commit, and to facilitate the commission of, the violation charged in the Information.

T. SCOVIL further agrees that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; entitling the United States to forfeit substitute assets equal to the value of the proceeds obtained by T. SCOVIL (the "Money Judgment"). T. SCOVIL consents to the entry of an order requiring T. SCOVIL to pay the Money Judgment and agrees that such Order will be final as to T. SCOVIL prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets. Any forfeited money and the net proceeds from the sale of forfeited specific property will be applied to the Money Judgment, in partial satisfaction thereof.

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating T. SCOVIL's full name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Recovery and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102. T. SCOVIL further agrees that the United States Attorney's Office may conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

TS 7/9/202

T. SCOVIL waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Fed. R. Crim. P. 32.2(b)(4), T. SCOVIL consents to the entry of an order of forfeiture that, in the Office's discretion, may be final as to T. SCOVIL prior to the sentencing. T. SCOVIL understands that criminal forfeiture pursuant to 21 U.S.C. § 853 is part of the sentence that may be imposed in this case and waives any failure by the court to advise T. SCOVIL of this pursuant to Fed. R. Crim. P. 11(b)(1)(J) at the guilty plea proceeding. T. SCOVIL further understands that T. SCOVIL has no right to demand that any forfeiture of T. SCOVIL's assets be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon T. SCOVIL in addition to forfeiture.

T. SCOVIL further agrees that, not later than the date T. SCOVIL enters the guilty plea, T. SCOVIL will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If T. SCOVIL fails to do so, or if this Office determines that T. SCOVIL has intentionally failed to disclose assets on the Financial Disclosure Statement, that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on T. SCOVIL by the sentencing judge.  This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise.  And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of T. SCOVIL's activities and relevant conduct with respect to this case.

Stipulations

This Office and T. SCOVIL will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations.  Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

TS 7/9/2025

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and T. SCOVIL waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

Immigration Consequences

T. SCOVIL understands that, if T. SCOVIL is not a citizen of the United States, T. SCOVIL's guilty plea to the charged offense will likely result in T. SCOVIL being subject to immigration proceedings and removed from the United States by making T. SCOVIL deportable, excludable, or inadmissible, or ending T. SCOVIL's naturalization. T. SCOVIL understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. T. SCOVIL wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause T. SCOVIL's removal from the United States. T. SCOVIL understands that T. SCOVIL is bound by this guilty plea regardless of any immigration consequences. Accordingly, T. SCOVIL waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. T. SCOVIL also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

TS 7/9/2025

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against T. SCOVIL. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude T. SCOVIL from pursuing in an appropriate forum, when permitted by law, a claim that she received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the entire plea agreement between T. SCOVIL and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

                          ALINA HABBA
                          United States Attorney

By:  Jason Goldberg
      Samantha C. Fasanello
      Assistant U.S. Attorneys

APPROVED:

Elaine K. Lou,
Deputy Chief, Criminal Division

- 6 -

TS 7/9/2025

I have received this letter from my attorney, Alyssa A. Cimino, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____    Date: 9 JULY 2025
Tishawn Scovil

I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, (including the attached Schedule A), waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____    Date: 7/9/2025
Alyssa A. Cimino, Esq.
Counsel for Defendant

TS 7/9/2025

## **Plea Agreement with Tishawn Scovil**

## **Schedule A**

1. This Office and Tishawn Scovil ("T. SCOVIL") agree to stipulate to the following facts:

    a. From in or around June 2022 through in or around June 2024, T. SCOVIL conspired and agreed with others to possess with the intent to distribute, and distribute, heroin, fentanyl, and cocaine base in Essex County, New Jersey.

    b. The offense charged in the Information involved at least 10,000 kilograms but less than 30,000 kilograms of Converted Drug Weight.

2. To the extent the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence.

3. The parties agree that a term of imprisonment within the range of 12 to 24 months (the "Stipulated Range") is reasonable taking into account all of the factors under 18 U.S.C. § 3553(a). Neither party will argue for a term of imprisonment below 12 months or above 24 months. The parties recognize, however, that the Stipulated Range will not bind the District Court. The parties agree not to seek or argue for any upward or downward departure, adjustment, or variance not set forth herein.

4. If the District Court imposes a term of imprisonment within the Stipulated Range:

    a. This Office will not appeal any component of that sentence. The term "any component of that sentence" means the term of imprisonment, the term (and conditions) of supervised release, any fine, any restitution, and the special assessment.

    b. T. SCOVIL will not challenge his conviction for any reason by any means, other than ineffective assistance of counsel, and he will not challenge or seek to modify any component of his sentence for any reason by any means, other than ineffective assistance of counsel. The term "any means" includes, but is not limited to, a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the sentence under 18 U.S.C. § 3582(c)(1) or (2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), or any other motion, however captioned, that seeks to attack or modify the judgment of conviction or any component of the sentence.

TS 7/9/2025

  c. These waiver provisions, however, do not apply to

    i. Any proceeding to revoke the term of supervised release.

    ii. A motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

    iii. An appeal from the denial of a motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A) on the grounds that the court erred in finding that there were no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances in denying the motion as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

  5. Lastly, the parties have stipulated to certain facts above. The parties recognize that none of those stipulations bind the District Court. Furthermore, neither party will challenge at any time, using any means, the District Court's acceptance of a stipulated fact.

TS 7/9/2025